Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
9555 S. Eastern Avenue, Suite 220A
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DARIEN HOLLAND, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AMSHER COLLECTION SERVICES, INC., a foreign corporation; EQUIFAX, INC., a foreign corporation;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ. AND THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET. SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Darien Holland ("Plaintiff"), by and through his attorney of record, Kevin L. Hernandez, Esq., and for his claims for relief against Defendants, Amsher Collection Services, Inc. ("Amsher") and Equifax, Inc. ("Equifax") (collectively referred to as "Defendants"), complain and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Amsher and Equifax's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA") and Amsher's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual residing in the State of Nevada.

6. Plaintiff is a natural person obligated or allegedly obligated to pay a debt, and therefore, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Amsher is a foreign corporation doing business in the State of Nevada.

9. Amsher furnishes credit information to the national consumer reporting agencies and is, therefore, a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq.*

10. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

12. Equifax disburses consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. On August 24, 2016, Defendant Amsher, through its original creditor T-Mobile, agreed to remove the credit reporting associated with Amsher account # 17657136 (the "Debt").

15. In November 2016, Plaintiff obtained a copy of his Equifax credit disclosure and became aware that Equifax and Amsher were reporting inaccurate information concerning the Debt.

16. Equifax and Amsher continue to report the Debt when Amsher, through its original creditor, agreed in writing to remove the tradeline.

17. Equifax and Amsher also report a balance owed when the Debt does not have a balance.

18. After receiving the written dispute from Plaintiff, Equifax communicated Plaintiff's written disputes to Amsher.

19. Despite proper notice of the disputes, Amsher failed to conduct a reasonable reinvestigation as required under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profile.

20. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's disputes.

21. Upon Plaintiff's dispute of the inaccurate information, Amsher and Equifax each failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

22. In the alternative, Amsher and Equifax each failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

23. Amsher's and Equifax's erroneous reporting continues to affect Plaintiff's creditworthiness and credit score adversely.

24. The acts and omissions of Defendants, and the other persons or entities employed as agents by Defendants, were committed within the time and space limits of their agency relationship with their principal.

25. The acts and omissions by Defendants and the other persons or entities referenced in this Complaint were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

26. By committing these acts and omissions against Plaintiff, Defendants and these other persons or entities were motivated to benefit their principal.

27. Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

///

## FIRST CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681e(b) against Equifax]**

28. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

29. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file it publishes and maintains concerning Plaintiff.

30. As a direct and proximate result of this conduct, action, and inaction of Equifax, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of the ability to purchase and benefit from credit.

31. As a direct and proximate result of this conduct, action, and inaction of Equifax, Plaintiff was forced to purchase and maintain credit monitoring services.

32. Equifax's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

33. In the alternative, Equifax was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

34. As a direct and proximate result of the above-referenced violations by Equifax, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

35. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

36. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

37. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

///

///

///

## SECOND CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681i against Equifax]**

38. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

39. Equifax violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Amsher, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

40. As a direct and proximate result of this conduct by Equifax, Plaintiff suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

41. As a direct and proximate result of this conduct, action, and inaction of Equifax, Plaintiff was forced to purchase and maintain credit monitoring services.

42. Equifax's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

## THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Amsher]**

44. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

45. Amsher violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with Equifax; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax accurately; by failing to report results on Plaintiff's

credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

46. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

47. As a direct and proximate result of this conduct, action, and inaction of Amsher, Plaintiff was forced to purchase and maintain credit monitoring services.

48. Amsher's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

49. In the alternative, Amsher was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50. As a direct and proximate result of the above-referenced violations by Amsher, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

51. Plaintiff is entitled to recover costs and attorney's fees from Amsher in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

52. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

53. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## **FOURTH CLAIM FOR RELIEF**

**[Violations of the FDCPA, 15 U.S.C. § 1692e(8) and § 1692e(10) against Amsher]**

54. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

55. Amsher regularly collects or attempts to collect consumer debts owed or due another, or asserted to be owed or due another, and therefore, Amsher is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

56. Amsher's principal purpose is to purchase, service, and collect defaulted consumer debts, and therefore, Amsher is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

57. Within the past year, Amsher wrongfully engaged in collection activities against Plaintiff for the Debt.

58. Amsher asserts that Plaintiff incurred the Debt as a result of consumer credit services provided by T-Mobile ("Creditor"), which was primarily for family, personal, or household purposes, and which meet the definition of a "debt" under 15 U.S.C § 1692a(5).

59. The Debt was purchased, assigned, or transferred to Amsher for collection purposes after the Debt was allegedly in a default status with the Creditor.

60. Amsher violated 15 U.S.C. § 1692e(8) by communicating credit information that is known or should have been known to be false, including without limitation, continuing to report the Debt on Plaintiff's credit profile after it agreed to remove the Debt.

61. Amsher further violated 15 U.S.C. § 1692e(8) by communicating credit information that is known or should have been known to be false, including without limitation, reporting an ongoing balance for the Debt when no balance is owed.

62. Amsher violated 15 U.S.C. § 1692e(10) by employing various false representations and deceptive means to collect the alleged Debt, including without limitation, willfully damaging and reaging Plaintiff's credit profile in an effort to reduce Plaintiff's credit score and creditworthiness by failing to remove its tradeline and by continuing to report a balance owed when no balance is owed to Amsher.

63. Amsher further violated 15 U.S.C. § 1692e(10) by employing various false representations and deceptive means to collect the alleged Debt, including without limitation, willfully damaging and reaging Plaintiff's credit profile in an effort to reduce Plaintiff's credit score and creditworthiness by reporting the Debt and an ongoing balance for the Debt when it is not owed.

64. The preceding acts and omissions of Amsher constitute multiple intentional, reckless and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

65. As a direct and proximate result of the above-referenced violations by Amsher, Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

66. As a direct and proximate result of Amsher's conduct, action, and inaction, Plaintiff was forced to purchase and maintain credit monitoring services.

67. Additionally, Amsher's violations of Plaintiff's statutory legal rights under the FDCPA constitute concrete and particularized harm suffered by Plaintiff.

68. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect his legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: December 22, 2016

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
9555 S. Eastern Avenue, Suite 220A
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*